Gaston, J.
 

 Thomas Redman, formerly of Iredell county, by his last will and testament, after several specific devises and bequests, and amongst others a bequest of negroes and other property to his wife for her life or widowhood, directed-that the residue of his lands should be sold and also-
 
 *626
 
 the rest of his property at the death of his wife, and the mo-ne7 divided among certain of his children and grand-children therein mentioned, among whom was his son John, and tQ j-,jm |le g-ave as follows: “ I give and bequeath to my son John two equal shares of a legatee, with an addition of thirty dollars for extra services by him performed,” Thomas Redman died, and John Redman, one of the executors named-in the will acted as such, and afterwards died, having made his last will and testament, whereof he appointed Melvin Redman Executor, who proved the will of his testator, and took upo him the office of executor. At the May Term, 1837, of Iredell County Court, the will of Thomas Redman was proved, and Hosea Redman was thereupon appointed by the court administrator of said Thomas, with the will annexed. In April, 1839, Sarah Cook, who was admitted to sue in
 
 jForma pauperis,
 
 filed her bill against Melvin Redman- and Hosea Redman, in which she charged, that she was a daughter of Thomas Redman, and was living with her father at the time when he executed his will; that she had previously intermarried with one Henry Cook ; that her husband, who-was a man of idle dissipated habits, had abandoned her and gone off to Tennessee; that her father was desirous of leaving her a share of his property, but feared, if he bequeathed it to her directly, that it would fall into the hands of her husband, and she would derive no benefit therefrom; and that, thereupon, it was agreed between her father, herself, and the said John, her brother, that her father should bequeath two shares to John, and he should hold one of them as a trustee for her sole and separate-use, and that in furtherance of said agreement, two shares were accordingly bequeathed to the said John in the manner set forth in the said will. The plaintiff further stated that her husband was dead, and she prayed that it might be declared that she was entitled beneficially to one of the shares so bequeathed to her brother John, and that bis executor the defendant Melvin, and the administrator, with the will annexed, the defendant Hosea, might account to her therefor..
 

 
 *627
 
 The defendant Hosea admitted by his answer the allega-lions of the hill, and professed his readiness to account with the plaintiff, if the court deemed her entitled to an account upon those allegations. The defendant Melvin, by his answer, declared, that he was ignorant of the truth of the matters-alleged in the bill in respect to the trust for the plaintiff, with respect to one of the shares bequeathed to his testator by the will of Thomas Redman, and also ignorant of the death of Henry Cook, and prayed that the plaintiff might be put to proof thereof. To this answer the plaintiff replied.
 

 On behalf of the plaintiff a number of witnesses have been examined, who testify to repeated declarations of John Redman, that his father, at the request of his sister Sarah, and for the purpose of securing what was designed for her from the power of her dissipated husband, bequeathed to him an extra share for her, and desired him to let her have the benefit of it from time to time as she needed .it — and that he intended to pay her out of the first money he collected.
 

 This evidence, we think, establishes a promise and un-taking on the part of John Redman to the testator; that the testator’s wishes, in favor of his' daughter Sarah, as declared to him, should be as fully executed as if the bequest were
 
 formally
 
 made to her ; that this promise and undertaking, when made by one whose interests woiild be affected by the regular insertion of a bequest, will raise a trust which a Court of Equity will execute, is settled by several cases. — •
 
 Chaymberlin
 
 v
 
 Agar, 2
 
 Ves. & Beames 262.
 
 Meslaer
 
 v Gillespie, 11 Ves. 638.
 
 Strickland v Aldridge,
 
 9 Ves. 519.
 
 Chamberlayn
 
 v Chamberlayn, 2 Free. 235. And it need not be shewn that a promise was made in express terms; silent assent to such a proposed undertaking will raise the trust.
 
 Bryan
 
 v
 
 Godfrey,
 
 4 Ves. 10.
 
 Paine
 
 v
 
 Mall,
 
 18 Ves. 475. The principle of these decisions is, that in consequence of such' promise the testator has been prevented from
 
 formally
 
 executing his intended purpose, and it would be. an act of fraud in him who made the promise to avail himself of the omission so caused. The evidence of
 
 *628
 
 the death of Henry Cook is satisfactory. We declare) therefore, thut John Redman was, in his life-time, a trustee for the plaintiff, with respect to one of the shares so as aforesaid bequeathed to him by his father, Thomas, and that) upon the death of the of the said John, this trust devolved upon his executor, the defendant Melvin, and that the plaintiff is entitled to have an account against him and the other defendant as prayed.
 

 Per Curiam. Decree accordingly.